UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDRE WILLIAMSON, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 4:04CV1363 RWS |

**MEMORANDUM AND ORDER**

This matter is before me on Andre Williamson's Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255. For the reasons stated below, Williamson's motion lacks merit and will be denied.

*Background*

Following a felony conviction involving the production and use of multiple false identification documents to defraud others of valuable property, Williamson was sentenced to a year and a day in prison, followed by a three-year period of supervised release. While on supervised release, Williamson stole a credit card and used it to purchase goods costing less than $500.

Following the theft, the probation office filed a petition in this Court alleging that Williamson had violated the conditions of his supervised release by committing a new crime. A warrant was issued, and Williamson was brought before the Court for a supervised release revocation hearing. Williamson admitted violating the conditions of his supervised release. As a result, I revoked his supervised release and imposed a 20 month sentence of imprisonment under U.S.S.G. § 7B1.1(a)(2) (Grade B Violations).

Williamson appealed the sentence claiming that I erred in characterizing his criminal activity as a Grade B violation, and that I should have characterized it as a Grade C violation. The United States Court of Appeals for the Eighth Circuit rejected Williamson's argument and affirmed the sentence. United States v. Williamson, 04-1450 (8th Cir. 2004) (unpublished).

*Grounds for Relief*

Williamson raises three grounds for relief:

(1) that it was an error to characterize his criminal activity as a Grade B violation, and that it should have been classified as a Grade C violation;

(2) that the sentence was imposed in violation of his Sixth Amendment right to have sentencing facts found beyond a reasonable doubt as required by Blakely v. Washington, 524 U.S. 296 (2004);

(3) that the Government promised him that it would file a Rule 35(b) motion to request me to reduce his sentence, and that it did not do so.

*Discussion*

*Classification of Williamson's Criminal Conduct as a Grade B Violation*

Williamson's request for relief on the ground that it was an error to characterize his criminal activity as a Grade B violation under U.S.S.G. § 7B1.1(a)(2) fails for two reasons. First, this is the same argument that was rejected on direct appeal by the United States Court of Appeals for the Eighth Circuit, so it is the law of the case. United States v. Behler, 100 F.3d 632, 635 (8th Cir. 1996). Second, the claim is belied by his guilty plea.

In his § 2255 motion, Williamson argues that he never admitted to stealing the credit card, but that he only admitted to using it fraudulently. However, the following colloquy which occurred during the revocation hearing demonstrates that this claim lacks merit.

MR. FAGAN: Judge, the alleged violations which have been *stipulated* to are that the

defendant *committed the offense of stealing* and two counts of fraudulent use of a credit card device in the County. When he came into the possession of a credit card which was not his own, while he was at an auto repair type shop, and later used the card on several occasions to purchase groceries, then passed the card onto another knowing the other was likely to use it as well.

THE COURT: And that's the conduct to which Mr. Williamson agrees he did participate in; is that correct?

THE DEFENDANT: Yes, sir.

Transcript of Supervised Release Revocation Hearing, Feb. 18, 2004, at 2-3 (emphasis added).

The record is clear that Williamson admitted to stealing the credit card. As a result, Williamson's request for relief on this ground will be denied.

*Williamson's Blakely Claim*

Williamson's claim under Blakely fails for two reasons. First, he did not present this argument to the Eighth Circuit on direct appeal, so it is barred. Second, even if it were not barred, it fails because he admitted to the facts that gave rise to his sentence. Because he admitted the facts, I did not engage in judicial fact-finding in violation of Blakely. As a result, Williamson's request for relief on this ground will be denied.

*Williamson's Claim that the Government Promised to File a Motion for a Rule 35(b) Reduction*

In his § 2255 motion, Williamson claims that he "was also promised a filing of Rule 35 for his substantial assistance to the Government, which the Government put on record at the Sentencing Hearing, but has never filed that petition with the court yet" [*sic*].

My discretion to review the prosecutor's decision not to file a substantial-assistance motion is limited by Supreme Court precedent. "[F]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that

the refusal was based on an unconstitutional motive." Wade v. United States, 504 U.S. 181, 185-186 (1992). In this case, Williamson has not alleged that the Government's refusal to file a Rule 35 motion was based on an unconstitutional motive. And the Government's position is that Williamson's assistance was not "substantial." As a result, Williamson has not stated a cognizable claim for relief under § 2255, and Williamson's request for relief on this ground will be denied.

For the foregoing reasons, Williamson's Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255 will be denied. As Williamson has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a Certificate of Appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Williamson's Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Williamson has not made a substantial showing of the denial of a federal constitutional right.

Dated this 26th Day of July, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE